**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
ARTIS CHARLES CREWS,                  :
                                      :   Civil Action No. 04-4732 (MLC)
           Petitioner,                :
                                      :
     v.                               :   OPINION
                                      :
RONALD H. CATHEL, et al.,             :
                                      :
           Respondents.               :
_____       :
```

**APPEARANCES:**

    ARTIS CHARLES CREWS, Petitioner <u>Pro Se</u>
    Prison #254829/SBI #415979A
    Northern State Prison, E 300 - W #410
    168 Frontage Road, P.O. Box 07114
    Newark, New Jersey 07114

    LAURA M. KOTARBA, ESQ.,
    Mercer County Prosecutor's Office
    Mercer County Court House, P.O. Box 8068
    Trenton, New Jersey 08650
    Counsel for Respondents

**COOPER**, District Judge

    Artis Charles Crews petitions for habeas corpus relief under 28 U.S.C. § 2254. The petition will be dismissed as untimely under 28 U.S.C. § 2244(d).

I. <u>BACKGROUND</u>

A. <u>Statement of Facts</u>

    This Court will afford the appropriate deference to the state court's factual determinations. <u>See</u> 28 U.S.C. § 2254(e)(1). The New Jersey Appellate Division recited the following in its July 19, 1996 Opinion on petitioner's direct appeal from his conviction:

    Defendant entered a bar at closing time wearing a ski
    mask with eyeholes cut out. He attempted to rob the

    bartender. He shot at the ceiling four times and placed the gun in the bartender's face.  She pushed the gun aside.  A patron threw a barstool at defendant and attempted to grab him.  When the patron got within six feet, defendant shot him twice, once in the right leg and once in the jaw.  With the assistance of the other customers, the injured patron subdued defendant.

(R6, July 19, 1996 Appellate Division Opinion).[1]

B.  Procedural History

    Crews was indicted by a Mercer County Grand Jury in May 1993, on charges of first degree robbery, first degree criminal attempt to commit murder, and two counts of second degree possession of a weapon for an unlawful purpose.  (R2).

    A jury trial before the Honorable Charles A. Delehey, J.S.C., took place on January 17, 18, and 19, 1995.  (R3).  The jury

---

[1] Respondents provided the state court record with their answer to the petition, which is designated as follows:

    R1   5-26-93 Transcript of grand jury proceeding
    R2   Mercer County Indictment 93-05-0617
    R3   Trial Transcripts for January 17, 18, and 19, 1995
    R4   State's motion for extended term sentencing, filed 1-23-95; Adult Presentence Report
    R5   2-24-95 Order of Commitment and Sentencing Transcript
    R6   Defendant's direct appeal to New Jersey Appellate Division
    R7   Defendant's motion for reconsideration to New Jersey Appellate Division
    R8   Defendant's Petition for Certification to New Jersey Supreme Court
    R9   Defendant's motion to Court of Appeals for Third Circuit for en banc hearing out of time
    R10  Petition for Post Conviction Relief ("PCR") in state court
    R11  State's response brief to state PCR petition, dated 6-5-00
    R12  6-12-01 Transcript of state PCR hearing
    R13  6-12-01 Order denying state PCR petition
    R14  Defendant's Petition for Certification to New Jersey Supreme Court

returned a verdict of guilty as to all charges on January 19, 1995.  The State moved for an extended term sentencing, and Crews was sentenced on February 24, 1995.  (R4).  The trial judge merged the weapons possession convictions into the robbery and attempted murder convictions, and ruled that Crews was eligible for an extended term on these convictions.  For both the armed robbery and attempted murder convictions, Crews was sentenced to separate consecutive life terms, each with a twenty-five-year parole ineligibility period.  (R5).

The New Jersey Appellate Division, on July 19, 1996, affirmed the judgment of conviction, but remanded the matter for the trial judge to place on the record the reasons for the imposition of two consecutive sentences.  The trial judge issued a supplemental explanation for the sentences imposed in a written opinion filed on August 14, 1996.  (R6).

On or about September 2, 1996, Crews moved for reconsideration of his appeal.  In an Opinion filed on November 7, 1996, the New Jersey Appellate Division modified the sentence imposed by the trial judge as to the robbery conviction, by imposing a prison term of 21 years with a seven-year parole disqualifier.  The total sentence as revised was life imprisonment plus 21 years with a 32-year period of parole ineligibility.  The matter was remanded to the trial court for entry of the modified sentencing judgment.  The modified sentence was entered by Judge Delehey in a

3

resentencing hearing held on February 27, 1997.[2] (R7). Crews's petition for certification with the New Jersey Supreme Court was denied on February 25, 1997. (R8).

It appears from the docket report, in <u>Crews v. Morton</u>, No. 97-5716 (MLC), that Crews filed his first federal habeas petition on or about November 17, 1997. It further appears that the petition was dismissed without prejudice for failure to exhaust state court remedies, by Memorandum Opinion and Order of this Court entered on July 31, 1998. Crews filed an appeal to the Court of Appeals for the Third Circuit, and a motion for reconsideration. Both were denied and the federal matter was closed on March 12, 1999.[3]

On or about January 13, 2000, Crews filed his first and only state court petition for post-conviction relief ("PCR"). (R10). The Honorable B. Thomas Leahy, J.S.C., held an evidentiary hearing on June 12, 2001 (R12). At the close of the hearing, Judge Leahy denied the PCR petition, and an Order to that effect was entered on the same date. (R13).

Crews appealed from the denial of his state PCR motion, and the New Jersey Supreme Court denied certification on September

---

[2] An Order for Commitment reflecting the modified sentence was dated November 8, 1996.

[3] On April 16, 1999, Crews applied for an <u>en</u> <u>banc</u> hearing with the Court of Appeals for the Third Circuit. The application was denied on October 14, 1999. (R9).

4

25, 2003. The public defender representing Crews on his state PCR petition informed Crews of this decision in a letter dated December 1, 2003. The letter informed petitioner that he could file a petition for habeas relief in federal court, but the petition "must be filed within one year from the date on the enclosed order of the New Jersey Supreme Court." (R14).

Crews filed the instant habeas petition on or about July 18, 2004.[4] On or about October 17, 2005, respondents moved to dismiss the petition, arguing that the petition was heard and dismissed in the state courts. Respondents did not provide a state court record in support of that motion. Petitioner filed a traverse and opposition to respondents' motion on or about October 21, 2005. By Order dated June 26, 2006, the Court denied respondents' motion to dismiss, and directed them to file a responsive pleading with

---

[4] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying rule set forth in Houston, which dealt with filing of appeal, to pro se prisoner's filing of petition). Although the Court is unable to determine from the face of the petition the exact date that Crews handed it to prison officials for mailing, Crews signed the petition on July 18, 2004. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date handed to prison officials for purposes of calculating petition timeliness). Accordingly, the Court finds that July 18, 2004, rather than September 28, 2004 (the date the petition was received in the Clerk's office), was the date this petition was filed for purposes of calculating the timeliness of the petition.

the relevant state court records.  Two further Orders were issued, dated August 1, 2006 and December 11, 2006, directing respondents to answer the petition.  Respondents filed an answer with the relevant state court record on February 22, 2007.  The Court now considers the merits of the petition.

## II.   STATEMENT OF CLAIMS

Crews argues that he was (1) denied effective assistance of trial counsel, (2) deprived of a fair trial due to prosecutorial misconduct, (3) deprived of a fair trial due to the trial judge directing a verdict of guilt in violation of the Fourteenth Amendment, and (4) deprived of effective assistance of appellate counsel.  The respondents answered the petition, and asserted that the petition is time-barred.  They also contend that the petition is without substantive merit, and that the claims have been heard and dismissed in the state courts.

There is no dispute that the claims asserted by petitioner have been exhausted on direct and collateral state court review.

## III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

6

The Court will accord this petition the liberal construction intended for pro se petitioners.

## IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Burns, 134 F.3d at 111; Duarte v. Hershberger, 947 F.Supp. 146, 147 (D.N.J. 1996).  State prisoners whose convictions became final before AEDPA's enactment are permitted one year, until April 23, 1997, in which to file a habeas petition under § 2254.  See Burns, 134 F.3d at 111; see also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) ("statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").  Thus, under § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second,

7

the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final before April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. But that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is not filed. Swartz, 204 F.3d at 420-

8

24.[5]  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. Dist. Att'y, 247 F.3d 539, 542 (3d Cir. 2001).

The § 2244(d) limitations period is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998).  A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  Equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has

---

[5] An application is "properly filed" when it is delivered and accepted in compliance with the applicable laws and rules governing filings.  "These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000).

exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where the petitioner (1) has been actively misled; (2) has been prevented from asserting rights in some extraordinary way; (3) timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159; or (4) has been misled by the court as to the steps to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[6] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (citation omitted).

Crews's judgment of conviction became final after AEDPA was enacted. Direct review of his sentence and conviction did not conclude until the New Jersey Supreme Court denied certification on February 25, 1997. Consequently, the judgment of conviction

---

[6] In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to support equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Fahy, 240 F.3d at 244.

10

became final on or about May 27, 1997, upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz, 204 F.3d at 419.[7]  Crews then had one year from May 27, 1997, or until May 27, 1998, to bring his federal habeas petition under § 2254.[8]

Crews did file a habeas petition with this Court on or about November 17, 1997, within the one-year limitations period.  But in a Memorandum and Order filed on July 31, 1998, the habeas petition was dismissed without prejudice for failure to exhaust state court remedies.  Crews appealed the district court order to the Court of Appeals for the Third Circuit, on August 17, 1998.[9]

---

[7] The actual 90th day is Monday, May 26, 1997, which was a court holiday.

[8] Petitioner's sentence was modified by the Appellate Division on a motion for reconsideration, in its per curiam opinion filed on November 7, 1996.  An amended judgment of conviction and sentence was filed by the trial court on November 8, 1996, and recorded in a resentencing hearing on February 27, 1997.  Accordingly, the pro forma resentencing hearing does not affect the date when petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A).

[9] Crews argues that he exhausted his state court remedies as to his claims of ineffective assistance of counsel, prosecutorial misconduct, and denial of due process regarding the alleged directed verdict by the trial court, because he raised these claims in several supplemental pro se applications, filed on and after May 19, 1996.  But these claims were not addressed by the Appellate Division on direct review.  In the July 31, 1998 Memorandum and Order, this Court noted that New Jersey appellate courts have expressed "a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record."  New Jersey v. Preciose, 129 N.J. 451, 460 (1982) (listing cases).

11

The Third Circuit issued judgment on March 11, 1999, denying petitioner's application for a certificate of appealability. On April 16, 1999, Crews filed a motion for leave to file a petition for an en banc rehearing with the Court of Appeals for the Third Circuit, which was denied on October 14, 1999.

Three months later, Crews filed a pro se petition for post-conviction relief ("PCR") in state court, on or about January 13, 2000. A hearing was conducted on June 12, 2001, before the Honorable B. Thomas Leahy, J.S.C. Judge Leahy denied the PCR petition by Order entered on the same date. Crews appealed from the denial of his state PCR motion, and the New Jersey Supreme Court denied certification on September 25, 2003. Crews states that he did not receive notice of the denial of certification until December 1, 2003. He then filed this federal habeas petition on July 18, 2004.

Respondents generally argue that Crews's second federal habeas petition filed in July 2004 is untimely because the state PCR petition did not toll the limitations period. Under Day v. McDonough, 547 U.S. 198 (2006), district courts may consider sua sponte the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions. Here, Crews was on notice of the respondents' affirmative defense that the petition is time-barred, but has not attempted to rebut the untimeliness defense. Having reviewed the

record, and this Court's prior ruling in Crews's first federal habeas petition, the Court finds that the petition is untimely.

The limitations period began to run here on or about May 27, 1997. Thus, 174 days had elapsed before Crews filed his first federal habeas petition on November 17, 1997. That first federal habeas petition was dismissed without prejudice on non-exhaustion grounds on July 31, 1998. This Court did not, at that time, equitably toll the limitations period while Crews's first habeas petition was pending. See Jones, 195 F.3d at 159-60 (absent extraordinary circumstances, limitations period not equitably tolled while mixed petition pending before district court); see also Duncan, 533 U.S. at 181-82 (filing of federal habeas petition does not serve to toll statute of limitations). Consequently, when Crews's first § 2254 habeas petition was dismissed for failure to exhaust state court remedies in July 1998, the one-year limitations period had already expired, and he would have been unable to bring another federal habeas petition even if he had promptly moved to exhaust his state court remedies.

The Court find that Crews's diligence in filing his first federal habeas petition on the belief that he had raised all of his claims before the state courts on direct review presents sufficiently extraordinary circumstances to allow equitable tolling of the limitations period during the pendency of Crews's first federal habeas petition. It may certainly be argued that

Crews timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, when he filed his § 2254 before attempting to exhaust his ineffective assistance of counsel claims on state collateral review.  It also may be argued that petitioner was diligent in 1997 and 1998 in pursuing his claims, albeit in the wrong forum.

The Court will thus equitably toll the limitations period from the date Crews filed his first habeas petition, on November 17, 1997, until October 14, 1999, when the Court of Appeals for the Third Circuit denied Crews's motion for a rehearing on his appeal from this Court's dismissal of the habeas petition for non-exhaustion.  At that point, on October 14, 1999, the limitations period began to run again until Crews filed his state PCR petition on January 13, 2000, or 91 days later.  Upon filing of his state PCR petition, the limitations period was tolled under 28 U.S.C. § 2244(d)(2), until September 25, 2003, when the New Jersey Supreme Court denied certification on Crews's appeal from denial of his state PCR petition.

On September 25, 2003, Crews had 100 days remaining on his one-year limitations period within which to file his federal habeas petition.  Thus, he had until January 5, 2004 to file his habeas petition.[10]  Crews did not file this habeas petition until

---

[10]   The actual 100th day — January 3, 2004 — was a Saturday.

July 18, 2004, more than six months after the limitations period expired.[11]  Therefore, the petition was untimely.

The Court also finds no extraordinary circumstances alleged to warrant further equitable tolling of the limitations period. At best, it would appear that Crews miscalculated the statutory period when he failed to count the time his limitations period began to run after his conviction became final and before he filed his first federal habeas petition, which did not toll the limitations period under 28 U.S.C. § 2244(d)(2), but only equitably tolled the statute of limitations while the petition was pending.  He also appears to have disregarded or miscalculated that the limitations period would have been running before he filed his state PCR petition.  Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahy, 240 F.3d at 244; see Johnson, 314 F.3d at 163.  Moreover, even if Crews was not aware that the limitations period began to run on May 27, 1997, when his conviction became final under AEDPA, a pro se petitioner's ignorance of the law generally does not excuse a late filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.

---

[11] Even if the Court were to accept that Crews did not learn of the New Jersey Supreme Court's denial of certification on his state PCR petition until December 1, 2003, as petitioner argues, this habeas petition would still be untimely. Accepting arguendo that the limitations period began to run again on December 1, 2003, Crews had 100 days, or until March 10, 2004, to file his petition. The petition was filed on July 18, 2004, more than four months after the limitations period had expired.

15

1999); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see Jones, 195 F.3d at 159-60.

  The decisions in Pliler v. Ford, 542 U.S. 225 (2004), and Rhines v. Weber, 544 U.S. 269 (2005), are instructive here. The Pliler petitioner filed his first § 2254 petition before the statute of limitations expired. After it expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims. The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed. He re-filed his § 2254 petition and the district court dismissed it with prejudice as untimely under the one-year statute of limitations. On appeal, the Ninth Circuit held that the petition was timely because the filing date related back to the original petition. The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

  The Supreme Court reversed, holding that district courts need not warn pro se petitioners about the time-bar or advise them of the option of a stay before dismissing a mixed petition without prejudice. 542 U.S. at 231. The Court expressly rejected the

16

petitioner's argument "that a prisoner be given <u>the choice</u> of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court," as a district court is only required to:

> dismiss . . . mixed petitions, leaving the prisoner with the choice described above.  In other words, [the law] requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined [above] if he wants to proceed with his federal habeas petition.  But nothing . . . requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

<u>Id.</u> at 233 (cites and quotes omitted).

The Supreme Court in <u>Rhines</u> vacated a judgment of the Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court. Noting that the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, the Court stated:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under <u>Lundy</u> after the limitations period has expired, this will likely mean the termination of any federal review.  For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

544 U.S. at 275.

The <u>Rhines</u> Court held that a district court may issue a stay only where it would be compatible with AEDPA's purposes.  <u>Id.</u> at

17

276. The Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition."  Id. at 278.

In light of Pliler and Rhines, Crews is not entitled to further equitable tolling of the limitations period that would render his petition timely.[12]  Accordingly, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1).

### V.   CERTIFICATE OF APPEALABILITY

The Court must determine whether a certificate of appealability should issue.  See 3d Circ. Local App. Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[12] Pliler and Rhines suggest that equitable tolling under these circumstances is not warranted.  However, the Court notes that even if the limitations period were equitably tolled until the date Crews filed his state PCR petition on January 13, 2000, this federal habeas petition would still be untimely by one month.  In this scenario, and affording Crews all favorable inferences as to the date on which the limitations period would have started to run again, Crews would have had 191 days remaining to file his § 2254 petition from December 1, 2003, or until June 9, 2004, to file his petition.

18

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the court was correct in the procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

This Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper          
                                             **MARY L. COOPER**
                                             United States District Judge